UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ARROW LYNN CURRY,<br><br>                    Defendant. | CR. 15-50104-JLV<br><br><br>ORDER |

**INTRODUCTION**

The government filed a superseding indictment against defendant Arrow Lynn Curry charging one count of use of a firearm during a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii); one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C); and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(9).   (Docket 21).   Mr. Curry pled not guilty to the charges.   (Docket 26).   Mr. Curry moves the court to sever count 3 from counts 1 and 2 of the superseding indictment and to order separate trials.   (Docket 42). The government opposes the motion.   (Docket 47).   For the reasons set forth below, the court grants Mr. Curry's motion to sever.

**DISCUSSION**

Count 1 of the superseding indictment alleges "[o]n or about January 5, 2015," Mr. Curry used, carried and discharged a firearm during and in relation to a drug trafficking crime.   (Docket 21 at p. 1).   Count 2 alleges "[b]eginning at

a time unknown to the Grand Jury, but no later than December of 2014," Mr. Curry participated in a conspiracy to distribute methamphetamine.  Id. at 1-2. The indictment does not identify an end date of the alleged conspiracy.  Id. Count 3 alleges "[o]n or about June 16, 2015," Mr. Curry knowingly possessed a .40 caliber rifle after having previously been convicted of a misdemeanor crime of domestic violence.  Id. at 2.

## I.    Federal Rule of Criminal Procedure 8

When a defendant moves for severance, the court first must determine whether joinder is proper under Fed. R. Crim. P. 8.  United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005).   Subsection (a) governs the joinder of offenses and states as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

"Joinder is proper if any one of these three standards is met."  United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008).   " 'In applying the 'same or similar character' standard, [the United States Court of Appeals for the Eighth Circuit] found joinder of offenses to be proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps.' "  United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (quoting United States v. Robaina, 39 F.3d 858, 861 (8th Cir.

1994)).   "Rule 8(a) allows joinder not only of crimes of the 'same' character but also those of a 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' " United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) (quoting United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam) (internal quotation marks and further citations omitted).

Courts should broadly construe Rule 8 in favor of joinder to promote the important interest of judicial efficiency.   United States v. McCarther, 596 F.3d 438, 441-42 (8th Cir. 2010).   The Eighth Circuit explained the rationale behind this policy:

> Joint trials, on all counts of an indictment, are generally preferable for several reasons. First, separate trials necessarily involve a certain degree of "inconvenience and expense."   Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome."

Kirk, 528 F.3d at 1107 (citations omitted).   The Eighth Circuit also instructs "[j]oinder must be viewed on a case by case basis," Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966), and the "indictment must reveal on its face a proper basis for joinder."   United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (citing United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir. 1982)).

Mr. Curry's alleged conduct in count 3 was not part of the same scheme or plan as that charged in counts 1 and 2.   Mr. Curry's alleged conduct giving rise to count 1, use of a firearm during a drug trafficking crime, occurred on January 5, 2015.   (Docket 21 at p. 1).   Mr. Curry's alleged conduct giving rise to count 2,

conspiracy to distribute methamphetamine, began no later than December of 2014.  Id. at 1-2.   Although the indictment does not provide an end date for the alleged conspiracy, the government did not dispute Mr. Curry's contention that "the discovery provided by the Government indicates the conspiracy did not continue long past the January 5, 2015[,] shooting incident and subsequent investigation that led to many alleged members of [the] conspiracy being taken into custody."  (Docket 43 at p. 3).   Mr. Curry's alleged conduct giving rise to count 3, possession of a firearm after having previously been convicted of a misdemeanor crime of domestic violence, occurred approximately five months later on June 16, 2015.   (Docket 21 at p. 2).   The firearm at issue in count 3 is a .40 caliber rifle, see id., while the firearm at issue in count 1 is a 9mm pistol. (Docket 43 at p. 4).

While the court understands the relationship between narcotics dealing and firearms, indicted offenses must be connected temporally or logically before they are reasonably joined.   United States v. Boyd, 180 F.3d 967, 982 (8th Cir. 1999).   The narcotics conspiracy in Mr. Curry's case appears to have ended more than five months before his alleged possession of the .40 caliber rifle.   Mr. Curry's conduct at issue in count 3 is unrelated to the alleged conduct underlying counts 1 and 2.   Demonstrating count 3 is part of common scheme or plan with counts 1 and 2 requires more than simply pointing out that firearms and illegal drugs pair well together.

The government asserts count 3 should be joined with counts 1 and 2 because counts 1 and 3 are both firearms offenses.   (Docket 47 at p. 3).   The government further asserts the evidence overlaps between counts 1 and 3 because even if count 3 is severed from counts 1 and 2, it will seek the admission of Mr. Curry's conduct charged in count 3 as Rule 404(b) evidence related to count 1 and vice versa.   Id. at 3-4.

Fed. R. Evid. 404(b) is a "rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition."   United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997) (internal quotation marks and citations omitted). "Thus, evidence of prior bad acts that is probative of the crime charged is not excluded under Rule 404(b)."   Id. (internal quotation marks and citations omitted).   A defendant "place[s] his knowledge of the firearm's presence . . . at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt."   United States v. Halk, 634 F.3d 482, 487 (8th Cir. 2011) (internal quotation marks and citation omitted).   Mr. Curry's alleged knowing possession of a firearm is an element of both counts 1 and 3. Compare Eighth Circuit Manual of Model Jury Instructions Criminal § 6.18.922C, with Eighth Circuit Manual of Model Jury Instructions Criminal § 6.18.924C.

Under Fed. R. Evid. 404(b)(2), evidence of Mr. Curry's alleged possession of a firearm in count 3 may be relevant to show knowledge, intent, absence of

5

mistake, or lack of accident in a trial in count 1 and vice versa.   See Halk, 634 F.3d at 487 ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent.") (internal quotation marks and citation omitted).   However, the final determination on admissibility under Rule 404(b) must include a balancing of the factors set out in Rule 403.   "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.   "[A]lthough all Rule 404(b) evidence is inherently prejudicial, the test for exclusion under Rule 403 is whether its probative value is substantially outweighed by the danger of unfair prejudice."   United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008) (quotation marks, brackets and citation omitted).

The probative value of Mr. Curry's alleged conduct giving rise to count 3 is substantially outweighed by the danger of unfair prejudice in a trial on counts 1 and 2.   Mr. Curry's prior conviction for a misdemeanor crime of domestic violence, which is the basis of count 3, is not relevant to counts 1 and 2.   The introduction of this evidence is highly prejudicial to Mr. Curry's right to a fair trial on those counts.   The factual circumstances underlying counts 1 and 2 do not overlap with count 3, and apart from the case agent only one witness overlaps between counts 1 and 2 and count 3.   (Docket 47 at p. 4).   Under these circumstances, the court finds any probative value of introducing facts relating

6

to count 3 is substantially outweighed by the danger of unfair prejudice to Mr.

Curry's ability to defend against counts 1 and 2 at trial.    No jury instruction can

cure this prejudice.    Joinder of count 3 with counts 1 and 2 is not proper under

Fed. R. Crim. P. 8(a).

## II.    Federal Rule of Criminal Procedure 14

Mr. Curry also moves for severance under Fed. R. Crim. P. 14(a).    (Docket

43 at p. 4).    The court has discretion to sever properly-joined counts.    <u>Ruiz</u>, 412

F.3d at 886.    Rule 14 provides as follows:

> If the joinder of offenses or defendants in an indictment, an
> information, or a consolidation for trial appears to prejudice a
> defendant or the government, the court may order separate trials of
> counts, sever the defendants' trials, or provide any other relief that
> justice requires.

Fed. R. Crim. P. 14(a).

Due to the preference for joint trials, a court will permit severance under

Rule 14(a) "only upon a showing of real prejudice to an individual defendant."

<u>United States v. Payton</u>, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation

marks and citation omitted).    "Prejudice to the defendant must be both 'real' and

'clear[,]' " and the defendant "carries a heavy burden in making this showing."

<u>Id.</u> (citations and some internal quotation marks omitted).

The Eighth Circuit explained the rationale for placing a "heavy burden" on

defendant to show real and clear prejudice:

> The danger of prejudice to a defendant is inherent in any proceeding
> in which the Government tries a single defendant for multiple
> crimes.  For example, a jury may improperly use evidence of one
> crime to infer that a defendant committed another offense.   Indeed,

7

a jury may cumulate evidence to find guilt on all crimes, whereas it would not have found guilt on any crime, if it had considered the offenses separately. Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder. Accordingly, separate trials are required only where prejudice caused by a joint trial is severe or compelling.

Kirk, 528 F.3d at 1107-08 (internal citations and quotation marks omitted). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial." Garrett, 648 F.3d at 625-26 (internal citation omitted).

Mr. Curry asserts the jury improperly may use evidence of one offense to infer that the offenses are interrelated and improperly view evidence that he committed one offense as demonstrating his propensity to commit another offense. (Docket 43 at pp. 4-5) (referencing counts 1 and 3). Mr. Curry next argues if count 3 is tried with counts 1 and 2, evidence of his prior conviction for a misdemeanor crime of domestic violence, a predicate conviction for count 3, will become known to the jury despite it having no relevance to counts 1 and 2. Id. at 5. The court agrees. For the reasons previously articulated, the court finds Mr. Curry would be severely prejudiced by a trial in which count 3 is joined with counts 1 and 2. See Fed. R. Crim. P. 14(a).

8

## ORDER

Good cause appearing, it is

ORDERED that defendant's motion to sever (Docket 42) is granted. Count 3 of the superseding indictment (Docket 21) is severed from counts 1 and 2 and separate trials are ordered.

IT IS FURTHER ORDERED that scheduling orders will be entered. Because the former count 3 is the earliest indicted offense (Docket 2), it will be tried first.

Dated July 13, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

9